**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DEVON CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-CV-24-SRW |
| | ) |
| CAPE COUNTY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented Plaintiff Devon Campbell, a pretrial detainee at the Cape Girardeau County Jail, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. For the reasons stated below, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. Furthermore, based upon an initial review of the complaint, the Court will dismiss the complaint without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2).[1] Nevertheless, having reviewed the information contained in the application, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

---

[1] The Court directed Plaintiff to submit his inmate account statement no later than March 12, 2025. *See* ECF No. 2. To date, Plaintiff has not submitted the required document.

2

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented Plaintiff Devon Campbell filed this action on the Court's "Prisoner Civil Rights Complaint" form pursuant to 42 U.S.C. § 1983. ECF No. 1. In the caption, Plaintiff names "Missouri Cape County Sheriff or Court Room" as the defendant. *Id.* at 1. In the section of the form complaint designated to describe the Defendant, he writes: "Cape County." *Id.* at 2. The statement of claim is as follows in its entirety:

>Excessive Cash Bond
>1-20-24
>Cape County Sheriff Department
>Was not able to bond out.
>Cruel and unusual punishment.

*Id.* at 3.

Plaintiff leaves the section to list his injuries blank. For relief, he seeks 30,000,000 in monetary damages.

## Discussion

Because Plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

### A. Defendant "Missouri Cape County Sheriff"

To the extent Plaintiff is bringing this action against Cape County Sherriff's Department, such a claim is legally frivolous because a sheriff's department cannot be sued. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit."). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As such, the complaint is legally frivolous as to Defendant Missouri Cape County Sherriff's Department, and Plaintiff's claim against it will be dismissed.

### B. Defendant "Cape County"

Unlike a jail or sheriff's department, a local governing body can be sued directly under 42 U.S.C. § 1983. In *Monell v. Department of Social Services*, the Supreme Court held that a municipality or local governing body can be directly liable under § 1983 for monetary, declaratory, or injunctive relief. 436 U.S. 658, 690-91 (1978). Such liability may attach if the constitutional

violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, Plaintiff presents no facts to support the proposition that Cape Girardeau County has an unconstitutional policy or custom that caused his constitutional rights to be violated, or that the municipality engaged in a deliberately indifferent failure to train or supervise. Plaintiff has not shown that a policy exists because none of his conclusory statements point to "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *See Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992). Plaintiff has also not shown a "widespread, persistent pattern of unconstitutional misconduct" by County employees, much less that such misconduct was tacitly authorized by officials of the municipality. *See Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Thus, Plaintiff has failed to state a municipal liability claim against Cape Girardeau County, and his claim against it will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

C. **Excessive Cash Bond Claim**

Even if Plaintiff alleged a policy or custom, this action would still be dismissed for failure to state a claim. Plaintiff briefly writes that he was subject to an "excessive cash bond" and "was

not able to bond out." Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. This Federal Court may not review the issue of bond until a Missouri higher court has first reviewed the issue. *See* 28 U.S.C. § 2241; *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

There is no indication from the complaint that Plaintiff attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on

petitioner to demonstrate such circumstances). The Court declines Plaintiff's request to rule upon the constitutionality of his bond before his motions have been decided by the trial court and before he has sought review from the state appellate courts. As such, Plaintiff's excessive bond claim will be dismissed.

## Conclusion

Having thoroughly reviewed and liberally construed the Complaint, the Court finds that Plaintiff's claims are subject to dismissal based on the aforementioned analysis. The Court can envision no amendment to the complaint that would cause it to state a valid claim for relief. Therefore, the Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of March, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE